# UNITED STATES DISTRICT COURT

for the
Eastern District of Missouri

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: )<br>**Target Devices 1 – 5** more fully described in )<br>Attachment A, all securely held at the HSI St. Louis )<br>evidence vault, 1222 Spruce St, St. Louis, Missouri, )<br>63103, which is within the Eastern District of )<br>Missouri. ) | Case No. 4:22 MJ 165 DDN<br><br>*Signed and Submitted to the Court for*<br>*filing by reliable electronic means*<br>**FILED UNDER SEAL** |

## APPLICATION FOR A SEARCH WARRANT

I, <u>Neal Gough</u> , a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

**Target Devices 1 – 5** more fully described in Attachment A, all securely held at the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri.

located in the ____Eastern_____ District of _____Missouri_____, there is now concealed

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

   ✓ evidence of a crime;

   ✓ contraband, fruits of crime, or other items illegally possessed;

   ✓ property designed for use, intended for use, or used in committing a crime;

   a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, USC Sections 841(a), 846 | Distribution of a controlled substance and conspiracy |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

  ✓  Continued on the attached sheet.

  ❑  Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under penalty of perjury that the forgoing is true and correct

                                *Applicant's signature*
                              Neal Gough, Special Agent, HSI

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41

Date: _____August 12, 2022_____   __**/s/  David D. Noce**_____
                             *Judge's signature*

City and State: ____St. Louis, MO_____  Honorable David D. Noce, U.S. Magistrate Judge____
                           *Printed name and title*
                    AUSA:   Nathan Chapman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF **Target Devices 1 – 5** more fully described in Attachment A, all securely held at the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:22 MJ 165 DDN<br><br>**FILED UNDER SEAL**<br><br>SIGNED AND SUBMITTED TO THE COURT<br>FOR FILING BY RELIABLE ELECTRONIC MEANS |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41
FOR A SEARCH WARRANT**

Your affiant, Special Agent Neal Gough, being first duly sworn, herby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.    SA Gough makes this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—five electronic devices—described and depicted in Attachment A, which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.  SA Gough is presently employed as a Special Agent with the United States Homeland Security Investigations (HSI), where he has been employed since March 2021. HSI is the principle investigative arm of the U.S. Department of Homeland Security.  SA Gough is assigned to Group 1 within the office of HSI, St. Louis Assistant Special Agent in Charge. This group consists of Special Agents and Task Force Officers tasked with investigating violations of federal law pertaining to the unlawful importation of controlled substances that have been smuggled into the United States, as well as the interstate and international movement of illicit funds derived from the sale of these controlled substances.  During SA Gough's tenure as a Special

Agent, SA Gough has completed approximately 1080 hours of instruction and training at the Federal Law Enforcement Training Center in Glynco, Georgia (FLETC). SA Gough was previously employed as a municipal law enforcement officer for approximately 11 years. SA Gough was last employed with the O'Fallon, Illinois Police Department for approximately 8 years. While employed with the O'Fallon Police Department, SA Gough was assigned to the Metropolitan Enforcement Group of Southwestern Illinois (MEGSI) for four years. MEGSI is a multi-jurisdictional narcotics unit that conducts complex long-term narcotics investigations in the St. Louis Metro-East (Illinois). As a member of MEGSI, SA Gough acted as a narcotics detective, narcotics supervisor, and deputy director. Prior to the O'Fallon, Illinois Police Department, SA Gough was employed by the Gulf Shores, Alabama Police Department for approximately 2.5 years as a patrol officer.

2.     The information contained within this affidavit is either personally known by SA Gough or was provided to SA Gough by other Agents or law enforcement personnel involved in the investigation of the incidents described. SA Gough has discussed the matters herein with the others working on the investigation, read reports, and otherwise reviewed materials assimilated during the investigation. SA Gough has also discussed with these colleagues the use of electronic devices such as cellular and mobile phones to create, store, and use electronic data, and how criminals, including those engaged in the subject offenses use phones and the internet to facilitate their crimes. Because this affidavit is being submitted for the limited purpose of securing a search warrant, SA Gough has not included every fact known to him concerning this investigation. SA Gough is an investigative and law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and as such, SA Gough is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code.

3. SA Gough is assigned to Group 1 within the office of HSI, St. Louis Assistant Special Agent in Charge. This group consists of Special Agents and Task Force Officers tasked with investigating violations of federal law pertaining to the unlawful importation of controlled substances that have been smuggled into the United States, as well as the interstate and international movement of illicit funds derived from the sale of these controlled substances.

4. Based on SA Gough's training and experience and the facts set forth in this affidavit, there is probable cause to believe violations of Title 21, United States Code, Section 841(a)(1) and 846 (Possession of Controlled Substance with Intent to Distribute Methamphetamine and Conspiracy to Distribute Methamphetamine) have been committed by Erik W. SIMMONS.  As such, there is probable cause to search the electronic devices described and depicted in Attachment A – Target Device 1 through Attachment A – Target Device 5, for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B – Target Device 1 through Attachment B – Target Device 5.

## LOCATION TO BE SEARCHED AND IDENTIFICATION OF TARGET DEVICES

5. The property to be searched is the following:

    a. **Target Device 1:** Blue Apple iPhone in red camouflage case. Unknown serial number and black background with jewels (FP&F #2022450300041701 Line Item 001), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 1 is included in Attachment A – Target Device 1.

    b. **Target Device 2:** Black Apple iPhone in black camouflage case with face design. unknown serial number and multi-color background (FP&F #2022450300041701 Line Item 002), which is currently in the HSI St. Louis evidence vault, 1222 Spruce

3

St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 2 is included in Attachment A – Target Device 2.

c. **Target Device 3:** Black Apple iPhone in black camouflage case with face design and unknown serial number (FP&F #2022450300041701 Line Item 003), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 3 is included in Attachment A – Target Device 3.

d. **Target Device 4:** Black Apple iPhone in green camouflage case with face design and unknown serial number (FP&F #2022450300041701 Line Item 004), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 4 is included in Attachment A – Target Device 4.

e. **Target Device 5:** Black Apple iPhone in black case with unknown serial number (FP&F #2022450300041701 Line Item 005), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 5 is included in Attachment A – Target Device 5.

6. The applied-for warrant would authorize the forensic examination of the devices for the purpose of identifying electronically stored data particularly described in Attachment B – Target Device 1 through Attachment B – Target Device 5.

## **TECHNICAL TERMS**

7. Based on SA Gough's training and experience, SA Gough uses the following technical terms to convey the following meanings:

4

a.   <u>Wireless telephone:</u> A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities, including: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.   <u>Digital camera:</u> A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media.  Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been.  Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication Devices and are used

to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers.  For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

     f.   IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

     g.   Internet: The internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the internet, connections between devices on the internet often cross state and international borders, even when the devices communicating with each other are in the same state.

8.   Based on SA Gough's training, experience, and research, SA Gough understands that the **Target Device 1, Target Device 2, Target Device 3, Target Device 4,** and **Target Device 5** can serve as a wireless telephone and digital camera, and that may serve as a portable media player, GPS navigation device, and PDA. In SA Gough's training and experience, examining data stored

on devices of this type can uncover, among other things, evidence revealing or suggesting who possessed or used the device.

## **PROBABLE CAUSE**

9.   On April 14, 2022 I, Homeland Security Investigations (HSI) St. Louis Special Agent (SA) N. Gough, met with members of the Metropolitan Enforcement Group of Southwestern Illinois (MEGSI) and Cooperating Defendants (CD-1 and CD-2)[1].  The CDs identified a drug distribution network headed by a subject known to the CDs as "Lee-Lee" operating in St. Louis and southern Illinois.  The CDs provided two phone numbers for "Lee Lee," the 636-389-2525 and 314-914-4989.

10.   On April 21, 2022 a Department of Homeland Security Summons was issued to T-Mobile US Inc. requesting subscriber information and call information for 636-389-2525.  On the same date, I reviewed records from T-Mobile US Inc. showing the subscriber information for that phone number as Erik SIMMONS 2033 E. Prairie Ave., St. Louis, MO 63107.

11.   MEGSI Agents showed a photograph of SIMMONS to the CD-1 and CD-2 and SIMMONS was identified as the subject known to the CD 1 and CD-2 as "Lee Lee."

12.   The CDs provided further information to me that in addition to purchasing narcotics directly from SIMMONS there are times when narcotics are ordered from SIMMONS and delivered to a pre-determined meet location by a "runner."  I know from training and experience

---

[1] The CDs have provided detailed information regarding Erik SIMMONS narcotics trafficking activity.  The information from the CDs has been corroborated by telephone data, police reports, and other investigative means.  To date, the CDs information has never been found to be false or misleading, and investigators find the CDs to be credible. The CDs are cooperating with law enforcement in exchange for potential prosecutorial consideration on a pending drug violation charge in the State of Illinois.

CD-1 has eight previous felony convictions for drug offenses and two previous convictions for forgery related offenses.

CD-2 has eight previous felony convictions for drug offenses and two previous convictions for forgery related offenses.

that those involved in narcotics distribution, especially those in higher-level positions within drug trafficking organizations (DTO's), often use lower-level members ("runners") of the DTO to facilitate smaller deals.

13. On May 16, 2022 HSI St. Louis conducted a controlled purchase of 144 grams of methamphetamine from SIMMONS for $1000.00 United States Currency (USC) in St. Louis, MO utilizing the CDs. At approximately 1105 hours on May 16, 2022 CD-1 consented to conducting a recorded phone call with SIMMONS at the 636-389-2525.  Shortly after answering the phone call SIMMONS stated "why the fuck you call this phone?"  CD-1 confirmed that he/she believed the person he/she spoke with on the phone to be SIMMONS.

14. CD-1 informed SIMMONS he/she was confused because the CD-1 has multiple phone numbers saved for "Lee Lee."  CD-1 inquired what SIMMONS would give CD-1 for a "stack" which is a common slang term for $1000.00 USC.  SIMMONS stated "I'm gonna give your ass something real fat and good."  SIMMONS then instructed the CD-1 to call back when he/she was closer to downtown St. Louis to complete the narcotics transaction.

15. I know from my training and experience that those involved in the distribution of narcotics often have multiple phones, some phones used for the narcotics enterprise and some phones that are kept separate for personal use.  CD-1 stated he/she believed the 636-389-2525 was SIMMONS personal phone number which is supported by SIMMONS statement after answering the phone.

16. CD-1 and SIMMONS had additional conversations over the next hours in which SIMMONS utilized phone number 314-914-4989 to coordinate a meet location for the methamphetamine transaction.   The CDs purchased approximately 144 grams of methamphetamine from a subject that CD-1 and CD-2 identified as SIMMONS for $1000.00.

17. On May 26, 2022 I applied for and received a search warrant for a phone ping for the phone number 636-389-2525. The search warrant was reviewed and authorized by the Honorable Patricia L. Cohen, U.S. Magistrate Judge (4:22MJ6121PLC). Agents began monitoring location pings and identifying location information for SIMMONS.

18. On June 02, 2022 HSI St. Louis conducted a controlled purchase of 164 grams of methamphetamine from SIMMONS for $1200.00 USC in St. Louis, MO utilizing the CDs. CD-1 contacted SIMMONS at phone number 314-914-4989 to coordinate the purchase of methamphetamine from SIMMONS. SIMMONS directed the CDs to the area of 5655 Pershing Ave. St. Louis, MO. At the time of speaking with SIMMONS on 314-914-4989, the phone number 636-389-2525 was also pinging in the area of Pershing Dr. St. Louis, MO.

19. CD-1 made contact with the phone number 314-914-4989 an additional time after arriving on Pershing Dr. St. Louis, MO and spoke with SIMMONS. CD-1 advised SIMMONS of CD-1's location. CD-1 then made contact an additional time at phone number 314-914-4989 and made contact with an unidentified subject. The unidentified subject directed CD-1 to a location on Clara Ave. At that location, an unknown black male provided CD-1 with approximately 164 grams of methamphetamine in exchange for $1200 USC.

20. On Friday June 10, 2022 St. Louis Homeland Security Investigations (HSI) Special Agent (SA) N. Gough received information regarding the arrest of Erik SIMMONS on a federal indictment. In the indictment, SIMMONS is charged with an unrelated count of conspiracy to distribute fentanyl (S1-4:22-CR-229JAR/JMB). SA Gough made contact with the investigating agent, Alcohol, Tobacco, Firearms, and Explosives (ATF) SA R. Capps. ATF SA Capps advised SIMMONS was in possession of five phones at the time of his arrest, **Target Devices 1 – 5.**

21.  On Tuesday July 19, 2022 ATF SA Capps provided **Target Device 1, Target Device 2, Target Device 3, Target Device 4,** and **Target Device 5** to SA Gough for the application of a search warrant.

22.  SIMMONS is a documented member of the Ammo Money Respect (AMR) Street Gang by the St. Louis Metropolitan Police Department Intel Unit.  SIMMONS also has the following criminal convictions;

    a.  Unlawful Use of Weapon (Felony) – 22nd Judicial Circuit Court, St. Louis –   Jan. 19, 2012

    b.  Resisting / Interfering Felony Arrest (Felony) – 22nd Judicial Circuit Court, St. Louis – Jan. 19, 2012

    c.  Trespass 1st Degree (Misdemeanor) – 22nd Judicial Circuit Court, St. Louis – Jan. 19, 2012

    d.  Resisting / Interfering Arrest (Misdemeanor) – 22nd Judicial Circuit Court, St. Louis – Oct. 19, 2017

    e.  Armed Criminal Action (Felony) – 22nd Judicial Circuit Court, St. Louis –   June 8, 2016

    f.  Robbery 1st Degree (Felony) – 22nd Judicial Circuit Court, St. Louis –      June 8, 2016

23.  Since being seized on July 19, 2022 the **Target Devices** have been held at the evidence vault within the office of HSI located at 1222 Spruce St., St. Louis, Missouri 63103. The **Target Devices** are further described and depicted in Attachment A – Target Device 1 through Attachment A – Target Device 5.

24.  In SA Gough's training and experience, SA Gough knows that the **Target Device 1, Target Device 2, Target Device 3, Target Device 4,** and **Target Device 5** have been stored in a

manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when **Target Device 1, Target Device 2, Target Device 3, Target Device 4,** and **Target Device 5** first came into possession of HSI.

## **ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

25.   Based on SA Gough's knowledge, training, and experience, SA Gough knows that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

26.   <u>Forensic evidence</u>. As further described in Attachment B – Target Device 1 through Attachment B – Target Device 5, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how **Target Device 1, Target Device 2, Target Device 3, Target Device 4,** and **Target Device 5** were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on **Target Device 1, Target Device 2, Target Device 3, Target Device 4,** and **Target Device 5** because:

a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how the device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

27. <u>Nature of examination</u>. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant SA Gough is applying for would permit the examination of **Target Device 1, Target Device 2, Target Device 3, Target Device 4,** and **Target Device 5** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of **Target Device 1, Target Device 2, Target Device 3, Target Device 4,** and **Target Device 5** to human inspection in order to determine whether it is evidence described by the warrant.

## **CONCLUSION**

28. SA Gough submits that this affidavit supports probable cause for a search warrant authorizing the examination of the Target Devices described and depicted in Attachment A – Target Device 1 through Attachment A – Target Device 5, to seek the items described in Attachment B – Target Device 1 through Attachment B – Target Device 5.

29. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion

onto a premise. Consequently, SA Gough submits there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

30.  It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. SA Gough believes that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all the targets of this investigation will be searched at this time. Based upon his training and experience, SA Gough has learned that, online criminals actively search for criminal affidavits and search warrants via the internet and disseminate them to other online criminals as they deem appropriate, *i.e.*, post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

I state under the penalty of perjury that the foregoing is true and correct.

8-12-22
_____
DATE

_____
Neal Gough
Special Agent
Homeland Security Investigations

Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 on this **12th** day of August 2022.

_____/s/  **David D. Noce**_____
HONORABLE DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE

14

## ATTACHMENT A – TARGET DEVICE 1

The property to be searched is the following: blue Apple iPhone in red camouflage case.

Unknown serial number and black background with jewels (FP&F #2022450300041701 Line

Item 001), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis,

Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target

Device 1 is included below.



## ATTACHMENT B – TARGET DEVICE 1

1.    All records on the electronic devices described in Attachment A – Target Device 1 that relate to violations of Title 21, United States Code, Section 841(a)(1) and 846 (Possession of Controlled Substance with Intent to Distribute Methamphetamine and Conspiracy to Distribute Methamphetamine), to include:

     a.    Incoming and outgoing call logs and toll records.

     b.    Voicemails.

     c.    Phonebooks and contact lists.

     d.    Text, SMS, and MMS messages.

     e.    Emails.

     f.    Photographs and videos.

     g.    GPS, historical cell site and other location information.

     h.    Internet browsing history and searches, caches, "cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

     i.    Documents, calendars.

     j.    Social media account Information (resident on the Device), such as Facebook, Twitter, and Instagram, and others.

     k.    All bank records, checks, credit card bills, account information, and other financial records.

     l.    Electronic or digital data which could Identify the suspect(s), Including, but not limited to, subscriber and account information,

2

m.   Evidence of user attribution showing who used or owned the **Target Device 1** at the time the things described in this warrant were created, edited, or deleted.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.

## ATTACHMENT A – TARGET DEVICE 2

The property to be searched is the following: black Apple iPhone in black camouflage case with face design. unknown serial number and multi-color background (FP&F #2022450300041701 Line Item 002), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 2 is included below.



## ATTACHMENT B – TARGET DEVICE 2

1.    All records on the electronic devices described in Attachment A – Target Device 2 that relate to violations of Title 21, United States Code, Section 841(a)(1) and 846 (Possession of Controlled Substance with Intent to Distribute Methamphetamine and Conspiracy to Distribute Methamphetamine), to include:

 a.    Incoming and outgoing call logs and toll records.

 b.    Voicemails.

 c.    Phonebooks and contact lists.

 d.    Text, SMS, and MMS messages.

 e.    Emails.

 f.    Photographs and videos.

 g.    GPS, historical cell site and other location information.

 h.    Internet browsing history and searches, caches, "cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

 i.    Documents, calendars.

 j.    Social media account Information (resident on the Device), such as Facebook, Twitter, and Instagram, and others.

 k.    All bank records, checks, credit card bills, account information, and other financial records.

 l.    Electronic or digital data which could Identify the suspect(s), Including, but not limited to, subscriber and account information,

m.   Evidence of user attribution showing who used or owned the **Target Device 2** at the time the things described in this warrant were created, edited, or deleted.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.

## <u>ATTACHMENT A – TARGET DEVICE 3</u>

The property to be searched is the following: black Apple iPhone in black camouflage case with face design and unknown serial number (FP&F #2022450300041701 Line Item 003), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 3 is included below.



## <u>ATTACHMENT B – TARGET DEVICE 3</u>

1.   All records on the electronic devices described in Attachment A – Target Device 3 that relate to violations of Title 21, United States Code, Section 841(a)(1) and 846 (Possession of Controlled Substance with Intent to Distribute Methamphetamine and Conspiracy to Distribute Methamphetamine), to include:

    a.   Incoming and outgoing call logs and toll records.

    b.   Voicemails.

    c.   Phonebooks and contact lists.

    d.   Text, SMS, and MMS messages.

    e.   Emails.

    f.   Photographs and videos.

    g.   GPS, historical cell site and other location information.

    h.   Internet browsing history and searches, caches, "cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    i.   Documents, calendars.

    j.   Social media account Information (resident on the Device), such as Facebook, Twitter, and Instagram, and others.

    k.   All bank records, checks, credit card bills, account information, and other financial records.

    l.   Electronic or digital data which could Identify the suspect(s), Including, but not limited to, subscriber and account information,

8

m.   Evidence of user attribution showing who used or owned the **Target Device 3** at the time the things described in this warrant were created, edited, or deleted.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.

## ATTACHMENT A – TARGET DEVICE 4

The property to be searched is the following: black Apple iPhone in green camouflage case with face design and unknown serial number (FP&F #2022450300041701 Line Item 004), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 4 is included below.



## <u>ATTACHMENT B – TARGET DEVICE 4</u>

1.   All records on the electronic devices described in Attachment A – Target Device 4 that relate to violations of Title 21, United States Code, Section 841(a)(1) and 846 (Possession of Controlled Substance with Intent to Distribute Methamphetamine and Conspiracy to Distribute Methamphetamine), to include:

   a.   Incoming and outgoing call logs and toll records.

   b.   Voicemails.

   c.   Phonebooks and contact lists.

   d.   Text, SMS, and MMS messages.

   e.   Emails.

   f.   Photographs and videos.

   g.   GPS, historical cell site and other location information.

   h.   Internet browsing history and searches, caches, "cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

   i.   Documents, calendars.

   j.   Social media account Information (resident on the Device), such as Facebook, Twitter, and Instagram, and others.

   k.   All bank records, checks, credit card bills, account information, and other financial records.

   l.   Electronic or digital data which could Identify the suspect(s), Including, but not limited to, subscriber and account information,

m.   Evidence of user attribution showing who used or owned the **Target Device 4** at the time the things described in this warrant were created, edited, or deleted.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.

## ATTACHMENT A – TARGET DEVICE 5

The property to be searched is the following: black Apple iPhone in black case with unknown serial number (FP&F #2022450300041701 Line Item 005), which is currently in the HSI St. Louis evidence vault, 1222 Spruce St, St. Louis, Missouri, 63103, which is within the Eastern District of Missouri. A photograph of Target Device 5 is included below.



## ATTACHMENT B – TARGET DEVICE 5

1.    All records on the electronic devices described in Attachment A – Target Device 5 that relate to violations of Title 21, United States Code, Section 841(a)(1) and 846 (Possession of Controlled Substance with Intent to Distribute Methamphetamine and Conspiracy to Distribute Methamphetamine), to include:

    a.    Incoming and outgoing call logs and toll records.

    b.    Voicemails.

    c.    Phonebooks and contact lists.

    d.    Text, SMS, and MMS messages.

    e.    Emails.

    f.    Photographs and videos.

    g.    GPS, historical cell site and other location information.

    h.    Internet browsing history and searches, caches, "cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    i.    Documents, calendars.

    j.    Social media account Information (resident on the Device), such as Facebook, Twitter, and Instagram, and others.

    k.    All bank records, checks, credit card bills, account information, and other financial records.

    l.    Electronic or digital data which could Identify the suspect(s), Including, but not limited to, subscriber and account information,

14

m.   Evidence of user attribution showing who used or owned the **Target Device 5** at the time the things described in this warrant were created, edited, or deleted.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.